1616227

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-81913

DARRENISHA CONEY and IKERIA CORBETT,

  Plaintiffs,

v.

COPELAND HOLDINGS, LLC,

  Defendant.
_____/

CH SECURITY SERVICES, LLC,

  Third Party Plaintiff,

v.

EMS PROTECTIVE GROUP, LLC,

  Third Party Defendant.
_____/

**ANSWER, AFFIRMATIVE DEFENSES,**
**DEMAND FOR JURY TRIAL, AND THIRD PARTY COMPLAINT**

Defendant, CH Security Services, LLC (formerly known as Copeland Holdings, LLC), hereinafter "CH," through its undersigned counsel, hereby files its Answer, Affirmative Defenses, Demand for Jury Trial, and Third Party Complaint, and states as follows:

**ANSWER**

1.    CH admits that Plaintiffs bring an action for damages exceeding $15,000.

2.    CH denies that it was operating under the name "Copeland Holdings, LLC" at all times material to the Complaint, and denies that it is a foreign corporation. CH admits the allegations in paragraph 2 of the Complaint only to the extent that CH subcontracted security

services to EMS Protective Group, LLC, regarding a Waffle House restaurant located at 4840 Powerline Road in Oakland Park, Florida.

3. CH admits the allegations in paragraph 3 of the Complaint only the extent that Waffle House hired it to provide security to Waffle House store #258. CH denies that the contract attached to the Complaint is the contract between CH and Waffle House.

4. CH is without knowledge sufficient to admit or deny the allegations in paragraph 4 of the Complaint so, in an abundance of caution, denies same and demands strict proof thereof.

5. CH states that this case has been removed to the U.S. District Court for the Southern District of Florida, which has diversity jurisdiction over this matter.

6. CH denies the allegation in paragraph 6 of the Complaint.

7. CH is without knowledge sufficient to admit or deny the allegations in paragraph 7 of the Complaint so, in an abundance of caution, denies same and demands strict proof thereof.

8. CH denies the allegation in paragraph 8 of the Complaint.

## Count I

9. CH re-alleges its responses to paragraphs 1 through 8, above.

10. CH denies the allegation in paragraph 10 of the Complaint.

11. CH denies the allegation in paragraph 11 of the Complaint.

12. CH denies the allegation in paragraph 12 of the Complaint.

13. CH denies it acted negligently. CH is without knowledge sufficient to admit or deny the remaining allegations in paragraph 13 of the Complaint so, in an abundance of caution, denies same and demands strict proof thereof.

## Count II

14. CH re-alleges its responses to paragraphs 1 through 8, above.

15. CH denies the allegation in paragraph 15 of the Complaint.

16. CH denies the allegation in paragraph 16 of the Complaint.

17. CH denies the allegation in paragraph 17 of the Complaint.

18. CH denies it acted negligently. CH is without knowledge sufficient to admit or deny the remaining allegations in paragraph 18 of the Complaint so, in an abundance of caution, denies same and demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

First Affirmative Defense: At all times material hereto, Plaintiffs Darrenisha Coney and Ikeria Corbett conducted themselves in a careless and negligent manner, and such negligence is a contributing and/or the sole legal proximate cause of the injuries and damages complained of by Plaintiffs. Therefore Plaintiffs are barred from recovery against CH, or in the alternative, the damages for recovery should be reduced by the Doctrine of Comparative Negligence.

Second Affirmative Defense: At all times material hereto, the alleged incident occurred above and beyond the foresight of reasonably prudent persons, and was caused by actions and/or omission of third persons and conditions beyond the control of CH. Therefore, Plaintiffs are barred from recovery against the Defendant.

Third Affirmative Defense: CH demands a set-off for any and all collateral sources paid or payable to Plaintiffs as a result of the subject incident.

Fourth Affirmative Defense: Pursuant to *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993), and Fla. Stat. 768.81, CH reserves the right to any place non-party on the verdict form at trial as a joint tortfeasor, including the assailant(s), whose fault caused or contributed to the subject incident and/or the damages allegedly sustained by Plaintiffs.

Fifth Affirmative Defense:  CH states that Plaintiffs' damages, if any, were caused by superseding and/or intervening negligence of other parties not under the control of CH, and as such, Plaintiffs may not recover against CH.

Sixth Affirmative Defense:  At no time following the retention of EMS Protective Group, LLC, did CH become aware of information that would suggest that it or its employees were unfit or posed a risk of harm to any third party.

Seventh Affirmative Defense:  CH asserts that it was without notice of any allegedly dangerous condition or dangerous propensities of visitors to the subject property, and as such, Plaintiffs' claims are barred.

Eighth Affirmative Defense:  CH alleges that the Plaintiffs are entitled only to recover the reasonable value of medical care and services resulting from any alleged damages caused by the negligence of another, and the reasonable value of medical care and services is limited to the amount accepted as payment in full for medical services by the person or entity that provided the decedent such services.

Ninth Affirmative Defense:  CH states as further affirmative defense that judgment shall only be entered on the basis of each party's percentage of fault and not on the basis of joint and several liability pursuant to Florida Statute 768.81.

Tenth Affirmative Defense:  Plaintiffs have failed to state valid causes of action against United.

Eleventh Affirmative Defense: The only duties and responsibilities owed by CH are governed by the applicable contracts for security services.

## Demand for Jury Trial

CH demands a trial by jury of all issues triable as a matter of right by a jury.

# THIRD PARTY COMPLAINT

Third Party Plaintiff, CH Security Services, LLC (formerly known as Copeland Holdings, LLC), hereinafter referred to "CH," through its undersigned counsel, hereby files this Third Party Complaint against Third Party Defendant, EMS Protective Group, LLC ("EMS"), and states as follows:

## General Allegations

1. The underlying action was brought by Plaintiffs, Darrenisha Coney and Ikeria Corbett. By referencing Plaintiffs' Complaint, CH does not admit to any of the allegations contained therein. A copy of the Complaint is attached hereto as Exhibit "1."

2. Plaintiffs' counsel has demanded payment to each Plaintiff in excess of $75,000.

3. On or about November 23, 2016, CH removed this case to the United States District Court for the Southern District of Florida. Venue is proper in the Southern District of Florida.

4. Plaintiffs allege that they were attacked at a Waffle House restaurant located at 4840 Powerline Road, Oakland Park, Florida (the "Restaurant").

5. The restaurant is located in Broward County, Florida.

6. At all times material, EMS was limited liability company licensed to do business in Florida.

7. The Restaurant was known to the Waffle House chain, CH, and EMS as "Unit 258."

8. On or about August 23, 2011, Copeland Holdings (the predecessor of CH) and EMS entered into a "Security Guard Services Agreement" whereby EMS agreed to provide security services for the Restaurant. A copy of the Security Guard Services Agreement is attached hereto as Exhibit "2."

9. When the incident at issue in the Plaintiffs' Complaint arose, EMS had a duty under the Security Guard Services Agreement to provide security services at the Restaurant.

10. All conditions precedent to the filing of this Third Party Complaint have been met, satisfied, or have otherwise been waived.

### Count I – Contractual Indemnity

11. CH re-alleges its allegations in paragraphs 1 through 10, as if set forth herein.

12. CH is entitled to contractual indemnification from EMS for any liability assessed against it arising from, *inter alia*, all acts of negligence, gross negligence, intentional misconduct or willful misconduct in connection with its providing security services to the Restaurant.

13. Under the terms of paragraph 10 of the Security Guard Services Agreement, EMS is to indemnify CH with respect to the subject matter of the Plaintiffs' Complaint:

> [EMS] will indemnify, CH and Owner from and against, without limitation, any and all claims, demands, liabilities, injuries, damages and actions (including attorneys' fees and other professional fees, if and to the extent permitted by law), which arise out of, are alleged to have arisen out of, relate to, or are in connection with, directly or indirectly, (i) [EMS's] breach of the warranties and representations in this Agreement; (ii) [EMS's] breach of this Agreement; and (iii) all acts of negligence, gross negligence, intentional misconduct or willful misconduct on the part of [EMS's] employees or agents, including Subcontractors and Sub-subcontractors, if any.

See Exhibit "2" at ¶10.

14. Based upon the Security Guard Services Agreement and the acts of negligence alleged in the Plaintiffs' Complaint, CH is entitled to contractual indemnification from EMS.

15. The Security Guard Services Agreement requires EMS to pay CH's attorneys' fees and other professional fees, including costs, in defending the action brought by Plaintiffs.

WHEREFORE, CH demands that EMS indemnity CH for any judgment Plaintiffs recover against CH, and further require EMS to reimburse CH for its attorneys' fees and costs incurred in

both defending the action brought by the Plaintiffs and in prosecuting this action against EMS, and grant all such further relief this Court deems just and proper.

### Count II – Common Law Indemnity

16. CH re-alleges its allegations in paragraphs 1 through 10, as if set forth herein.

17. A special relationship was created between CH and EMS as a result of the agreement for EMS to provide security services to the Restaurant.

18. Plaintiffs allege in their Complaint that they were injured as a result of negligent security provided at the Restaurant.

19. EMS was providing security services at the Restaurant at the time of the incident set forth in Plaintiffs' Complaint.

20. CH had no knowledge or belief that EMS would perform its services negligently or in a way as to cause damages to Plaintiffs if, in fact, Plaintiff's allegations are found to be true.

21. CH is wholly without fault as to Plaintiffs' alleged injuries.

22. EMS is wholly at fault as to Plaintiffs' alleged injuries.

23. Any liability attributed to CH (which CH continues to deny) would be solely vicarious, constructive, derivative, or technical and based upon the acts or omissions of EMS.

24. Any injuries suffered by Plaintiffs would be due to the negligence of EMS, and damages attributed to CH should be subject to indemnification by EMS.

WHEREFORE, CH demands judgment in its favor and against EMS for common law indemnification, including attorneys' fees and costs, and all such further relief this Court deems just and proper.

### Demand for Jury Trial

CH demands a trial by jury of all issues triable as a matter of right by a jury.

CASE NO. 16-CV-81913

Dated: December 8, 2016                    Respectfully submitted,

                                            s/Thomas J. McCausland _____
                                            THOMAS J. MCCAUSLAND (0462217)
                                            tmccausland@conroysimberg.com
                                            EVAN ROBERTS (157790)
                                            eroberts@conroysimberg.com
                                            CONROY SIMBERG
                                            3440 Hollywood Boulevard, 2nd Floor
                                            Hollywood, FL 33021
                                            Telephone: (954) 961-1400 Broward
                                            Facsimile: 954-518-8660
                                            Attorney for COPELAND HOLDINGS

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that on December 8, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I further certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                            /s/ Thomas J. McCausland
                                          THOMAS J. MCCAUSLAND (0462217)

CASE NO. 16-CV-81913

CONEY v. COPELAND HOLDINGS, LLC
CASE NO: 16-cv-81913

**SERVICE LIST**

Thomas Montgomery, Esquire
mnichols1985@bellsouth.net
One Southeast M.L. King Jr. Boulevard
Post Office Box 1510
Belle Glade, FL 33430
Attorney for Plaintiff
Telephone: (561) 996-6317
Facsmile: (561) 992-8274
Attorney for Plaintiff
[via E-MAIL SERVICE]