UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-81913-CIV-MATTHEWMAN

DARRENISHA CONEY and IKERIA CORBETT,

    Plaintiffs,

v.

COPELAND HOLDINGS, LLC,

    Defendant.
_____/

CH SECURITY SERVICES, LLC
f/k/a COPELAND HOLDINGS, LLC,

    Third Party Plaintiff,

v.

EMS PROTECTIVE GROUP, LLC,

    Third Party Defendant.
_____/



## ORDER GRANTING THIRD-PARTY DEFENDANT'S MOTION TO DISMISS COUNT I AND COUNT II OF THIRD PARTY PLAINTIFF, CH SECURITY SERVICES, LLC'S THIRD PARTY COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

**THIS CAUSE** is before the Court upon Third-Party Defendant, EMS Protective Group, LLC's ("EMS") Motion to Dismiss Count I and Count II of Third Party Plaintiff, CH Security Services, LLC's Third Party Complaint and Incorporated Memorandum of Law ("Motion") [DE 30]. Third-Party Plaintiff, CH Security Services, LLC ("CH"), filed a Response [DE 32], and Third-Party Defendant filed a Reply [DE 33]. The matter is now ripe for review.

1

# I. BACKGROUND

Plaintiffs brought the underlying action for damages related to injuries they sustained as a result of unknown assailants allegedly attacking them at a Waffle House. [Compl. DE 1, ¶ 7]. According to Plaintiffs, Waffle House hired Defendant, CH Security Services, LLC, to provide security services for this particular Waffle House Store #258. *Id.* at ¶ 3. In Count I, Plaintiff Coney alleges that it was reasonably foreseeable that Waffle House Store #258 was a draw for criminal activity, Defendant was hired because of ongoing criminal activity at Waffle House properties, Defendant had actual or constructive knowledge of prior, similar criminal assaults on Waffle House properties, and Defendant had a legal obligation to exercise reasonable care to protect Plaintiff from criminal attack by third persons. *Id.* at ¶¶ 10-11. Plaintiff claims that Defendant was negligent and breached its duty of reasonable care by, among other things, failing to employ adequately trained employees, failing to establish or enforce internal procedures and safeguards to protect invitees from criminal assault, failing to properly screen and hire employees who were charged with the responsibility of providing security, and failing to enact or enforce policies and procedures to assess security needs of the property on an ongoing basis. *Id.* at ¶ 12. In Count II, Plaintiff Corbett makes the same negligence and breach of duty of reasonable care allegations as Plaintiff Coney in Count I. *Id.* at ¶¶ 14-18.

Defendant, CH Security Services, LLC, then filed its Answer, Affirmative Defenses, Demand for Jury Trial, and Third Party Complaint [DE 8] alleging that it entered into a Security Guard Services Agreement with EMS Protective Group, LLC, to provide security service for Waffle House Store #258. [Third Party Compl. DE 8, ¶ 8]. In Count I, Defendant and Third Party Plaintiff, CH Security Services, LLC, claims Third Party Defendant, EMS Protective Group, LLC, is liable for contractual indemnity based on the Security Guard Services Agreement and the

acts of negligence alleged in Plaintiffs' Complaint. *Id.* at ¶¶ 12-14. In Count II, Third Party Plaintiff alleges that Third Party Defendant is liable for common law indemnity as a result of the negligent security provided by Third Party Defendant at Waffle House Store #258. *Id.* at ¶¶ 17-24.

Third Party Defendant, EMS Protective Group, LLC, has now filed its Motion to Dismiss [DE 30].

## II. MOTION, RESPONSE, AND REPLY

EMS makes three arguments in its Motion to Dismiss [DE 30]. First, EMS claims that Count I of the Third Party Complaint, Contractual Indemnity, must be dismissed because it is based on an illegible and incomplete agreement. [DE 30, p. 5]. According to EMS, CH Security Services provided EMS an illegible copy of the Security Guard Services Agreement ("Agreement") upon which CH's claims are based. *Id.* EMS also asserts that the Agreement is incomplete, as it begins with "page 2" of the document. *Id.* Further, EMS contends that after it requested a better version of the Agreement from CH's counsel, EMS was sent an agreement with a completely different indemnification provision than the Agreement first provided to EMS. [DE 30, p. 6]. Therefore, EMS requests that the Court dismiss the portion of the Third Party Complaint predicated upon the Agreement, which is Count I—Contractual Indemnity. *Id.* Second, EMS argues that Count I of the Third Party Complaint must be dismissed because CH failed to plead grounds for entitlement to contractual indemnification. *Id.* EMS claims that CH "failed to plead or cite to any provision in the Service Contract which evidences that EMS had any duties in regard to hiring guards or establishing security procedure," which were the negligence allegations in Plaintiffs' Complaint. [DE 30, p. 7]. According to EMS, CH's claim that EMS failed to provide security services is not enough to plead any breach of the warranties or

3

representations in the Agreement. [DE 30, pp. 7-8]. Therefore, EMS asks that the Court dismiss Count I of the Third Party Complaint for failure to state a cause of action. [DE 30, p. 8]. Third, EMS asserts that Count II of the Third Party Complaint, Common Law Indemnity, should also be dismissed for failure to state a cause of action. *Id.* EMS claims that CH "failed to properly plead the required elements to sustain a cause of action for common law indemnification." *Id.* EMS alleges that it cannot be wholly at fault for Plaintiffs' injuries because their injuries were caused by non-party patrons who allegedly attacked Plaintiffs. *Id.* Therefore, EMS asks the Court to dismiss Count II of the Third Party Complaint. [DE 30, p. 9].

In its Response [DE 32], CH Security Services claims that EMS's Motion to Dismiss should be denied because its arguments are without merit. [DE 32, p. 2]. According to CH, written instruments are not required to be attached to a party's pleading and failure to attach to a pleading a written instrument sued upon is not grounds for dismissal. [DE 32, p. 5]. CH also asserts that it has set forth a short and plain statement demonstrating that it is entitled to contractual indemnity from EMS based upon the Agreement and the acts of negligence alleged by Plaintiff in this Complaint. [DE 32, p. 7]. Finally, CH asserts that EMS's argument that it cannot be wholly at fault for Plaintiffs' injuries is without merit because a party who negligently fails to provide reasonable security measures to reduce liability cannot claim it is without fault because of an intentional intervening tort. [DE 32, p.8]. Therefore, CH argues that it properly stated a claim for common law indemnification. *Id.* CH requests that the Court deny the Motion. *Id.*

EMS filed a Reply [DE 33] claiming that CH is required to provide it with a legible copy of the Agreement. [DE 33, p. 2]. EMS also claims that CH "failed to plead its grounds for entitlement to indemnity or specify which warranties or duties EMS breached and would entitle CH to indemnification." *Id.* According to EMS, CH must plead what conditions in the

indemnity clause have occurred which would entitle CH to relief. [DE 33, p. 3]. Finally, EMS contends that common law indemnity can only be applied where the liability of the person seeking indemnity is solely constructive or derivative and only against who, because of his act, has caused such constructive or derivative liability to be imposed. [DE 33, p. 4]. According to EMS, CH cannot show that EMS is solely at fault for Plaintiffs' injuries. *Id.*

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires "'only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When a court considers a motion to dismiss pursuant to Rule 12(b)(6), it must accept the factual allegations in the complaint as true and decide whether the allegations "raise a right to relief above the speculative level." *Id.* at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### IV. DISCUSSION

*A. Count I—Contractual Indemnity*

As to the "illegible and incomplete" Agreement provided to EMS[1], the Agreement is hard to read, but it is still legible and seems to be a complete copy. *See* DE 30, pp. 18-21. The

---

[1] Throughout its papers, EMS claims that the "illegible and incomplete" Agreement was attached to the Third Party Complaint, but CH's Answer, Affirmative Defenses, Demand for Jury Trial, and Third Party Complaint [DE 8] does not have any attachments. However, the Agreement originally provided to EMS was attached to EMS's Motion to Dismiss.

5

Agreement's Indemnity provision provides: "Company will indemnify, CH and Owner from and against, without limitation, any and all claims, demands, liabilities, injuries, damages and actions (including attorney's fees and other professional fees, if and to the extent permitted by law), which arise out of, are alleged to have arisen out of, relate to, or are in connection with, directly or indirectly, (i) the Company's breach of the warranties and representations in this Agreement; (ii) the Company's breach of this Agreement; and (iii) all acts of negligence, gross negligence, intentional misconduct or willful misconduct on the prat of the Company's employees or agents, including Subcontractors and Sub-subcontractors, if any." [DE 30, p. 20]. Further, although the top of the first page of the Agreement has a denotation that it starts on "p. 2," it seems that this may be because this copy was a fax sent with a cover page as the first page, or "p. 1." This conclusion is further supported by the fact that there is a "1" at the bottom of the same first page of the Agreement.

However, when CH provided a clearer copy of the Agreement to EMS, the indemnification provision in the new Agreement was completely different than the one in the Agreement previously provided to EMS. *See* DE 30, pp. 33-36. The provision in the new Agreement is entitled "Indemnity" and reads: "Company will indemnify CH and Owner from misconduct or willful misconduct on the part of the Company's employees or agents, including Subcontractors and Sub-subcontractors, if any." [DE 30, p. 35]. Therefore, it is unclear which Agreement CH is relying on as a basis for the allegations in its Third Party Complaint.

Federal Rule of Civil Procedure 8(a) provides that a pleading that states a claim for relief must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although there is no requirement that a party attach the instrument that is being sued upon to the pleading, *U.S. v. Vernon*, 108 F.R.D. 741,

742 (S.D. Fla. 1986), EMS is entitled to a legible copy of the Agreement and to fair notice of exactly which agreement CH is relying on for its Third Party Complaint. *See, generally, Twombly*, 550 U.S. at 555.

EMS also claims that Count I must be dismissed because "CH failed to plead it's grounds for entitlement to indemnity or specify which warranties or duties EMS breached and would entitle CH to indemnification." [DE 30, p. 6]. "A contract for indemnity is an agreement by which the promisor agrees to protect the promisee against loss or damages by reason of liability to a third party." *Dade Cty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 643 (Fla. 1999). The Indemnity provision in the first Agreement provided to EMS provides: "Company [EMS] will indemnify, CH and Owner from and against, without limitation, any and all claims, demands, liabilities, injuries, damages and actions (including attorney's fees and other professional fees, if and to the extent permitted by law), which arise out of, are alleged to have arisen out of, relate to, or are in connection with, directly or indirectly, (i) the Company's breach of the warranties and representations in this Agreement; (ii) the Company's breach of this Agreement; and (iii) all acts of negligence, gross negligence, intentional misconduct or willful misconduct on the prat of the Company's employees or agents, including Subcontractors and Sub-subcontractors, if any." [DE 30, p. 20].

In Count I of the Third Party Complaint, CH alleges that "EMS had a duty under the Security Guard Services Agreement to provide security services at the Restaurant." [DE 8, p. 6, ¶ 9]. Further, CH claims that "CH is entitled to contractual indemnification from EMS for any liability assessed against it arising from, inter alia, all acts of negligence, gross negligence, intentional misconduct or willful misconduct in connection with it providing security services to the Restaurant." [DE 8, p. 6, ¶ 12]. Thus, CH asserts that "[b]ased upon the Security Guard

7

Services Agreement and the acts of negligence alleged in the Plaintiffs' Complaint, CH is entitled to contractual indemnification from EMS." [DE 8, p. 6, ¶ 14].

However, CH does not explicitly allege in the Third Party Complaint that EMS acted negligently in any way in order for the Indemnity provision in the Agreement to apply. "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Although CH implies in the Third Party Complaint that EMS was negligent in failing to provide security services, CH makes does not make any factual allegations to support this claim. Therefore, the Court finds that CH failed to state a sufficient claim for contractual indemnification and Count I should be dismissed without prejudice for CH to file an amended Third Party Complaint. This will also allow CH to attach a correct and legible copy of the Agreement it is suing upon, which will aid the parties and the Court.

B. *Count II—Common Law Indemnity*

"There is a two-part test to prevail on a claim for indemnity under the common law of Florida. 'First, the party seeking indemnification must be without fault, and its liability must be vicarious and solely for the wrong of another. Second, indemnification can only come from a party who was at fault.'" *Foley v. Luster*, 249 F.3d 1281, 1288 (11th Cir. 2001) (quoting *Dade Cty. Sch. Bd. v. Radio Station WQBA*, 731 So.2d 638, 642 (Fla. 1999)). For vicarious, constructive, derivative, or technical liability to exist, a "special relationship" must exist between the parties. *Dade Cty. Sch. Bd.*, 731 So.2d at 642.

In the Third Party Complaint, CH alleged that it was without fault as to Plaintiffs' alleged injuries because it had no knowledge or belief that EMS would perform its services negligently or

8

in a way to cause damages (DE 8, p. 7, ¶ 20, 21), that EMS was wholly at fault for Plaintiffs' alleged injuries because it was supposed to be providing security services at Waffle House Store # 258 (DE 8, p. 7, ¶¶ 19, 22), that there was a special relationship between CH and EMS because of the Agreement for EMS to provide security services to Waffle House Store #258 (DE 8, p. 7, ¶ 17), and that any liability of CH is "solely vicarious, constructive, derivative, or technical and based upon acts or omissions of EMS" (DE 8, p. 7, ¶ 23).

According to EMS, "[t]here are additional allegations in the underlying complaint directed to CH that are completely unrelated to EMS's relationship with CH." [DE 33, p. 4]. The Agreement between CH and EMS states that EMS was retained by CH "to provide security guard services to certain of its units in Fort Lauderdale, FL" and "make secure the properties operated by [Waffle House] and to promptly respond to requests of [Waffle House] and CH regarding the securing of the property in accordance with the terms of this Agreement." [DE 30, p. 18]. Plaintiffs allege, in their Complaint [DE 1], that CH was negligent and breached its duty of reasonable care by, among other things, failing to employ adequately trained employees, failing to establish or enforce internal procedures and safeguards to protect invitees from criminal assault, failing to properly screen and hire employees who were charged with the responsibility of providing security, and failing to enact or enforce policies and procedures to assess security needs of the property on an ongoing basis. Compl. DE 1-1, p. 5, ¶ 12.

EMS is correct that there are additional allegations in the underlying Complaint for which CH may have been negligent or at fault. "Common law indemnity 'shifts the entire loss from one who, although without active negligence or fault, has been obligated to pay, because of some vicarious, constructive, derivative, or technical liability, to another who should bear the costs because it was the latter's wrongdoing for which the former is held liable.'" *Zeiger Crane*

9

*Rentals, Inc. v. Double A Indus.*, 16 So.3d 907, 911 (Fla. 4th DCA 2009) (quoting *Houdaille Indus., Inc. v. Edwards*, 374 So.2d 490, 493 (Fla. 1979)). However, CH has not made sufficient allegations to show that its liability is solely vicarious or derivative for the wrongdoing of EMS. *See Mendez-Garcia v. Galaxie Corp.*, No.: 8:10-cv-788-T-24-EAJ, 2011 WL 5358658, *6 (M.D. Fla. 2011).

Therefore, the Court finds that CH failed to state a sufficient claim for common law indemnification as well and Count II should be dismissed without prejudice for CH to file an amended Third Party Complaint.

## V. CONCLUSION

In light of the foregoing, Third-Party Defendant's Motion to Dismiss Count I and Count II of Third Party Plaintiff, CH Security Services, LLC's Third Party Complaint and Incorporated Memorandum of Law [DE 30] is **GRANTED WITHOUT PREJUDICE** for CH to file an amended Third Party Complaint.

In light of the June 30, 2017 deadline to amend pleadings in the undersigned's Scheduling Order [DE 35], the Court will extend the deadline to amend the Third Party Complaint to on or before July 14, 2017. All other deadlines in the Court's Scheduling Order [DE 35] will remain the same.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 28th day of June, 2017.

WILLIAM MATTHEWMAN
United States Magistrate Judge